UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAREFUL SHOPPER, LLC<br>1863 E 13TH STREET, FL 2<br>BROOKLYN, NY 11229-2807<br><br>      Plaintiff,<br><br>      v.<br><br>TP-LINK USA CORPORATION<br>145 S STATE COLLEGE BLVD STE 400<br>BREA. CA 92821-5833<br><br>      Defendant. | CASE NO:<br><br><br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges on knowledge as to himself, but otherwise on information and belief, as follows:

**INTRODUCTION**

1.  Plaintiff Careful Shopper LLC ("CSC"), located in Brooklyn, New York, brings this suit following its commercial and financial ruination resulting from Defendant's tortious interference with Plaintiff's existing and prospective business relationship with Amazon Services LLC and, through Amazon, the world of ecommerce reachable through amazon.com.

1

2. Defendant TP-Link USA Corporation ("TPU") published written complaints to Amazon, libelous per se, charging Plaintiff with three (3) instances of infringing TPU's intellectual property by listing counterfeit goods for sale on amazon.com ("IP Complaints"). Said reports directly caused Plaintiff's permanent expulsion as a seller on the Amazon website.

3. Over a three-year period CSC built an Amazon platform presence from zero to approximately $1.5 million in annual sales, with supplier relationships and other goodwill that cannot be replicated. Now . . . there is only ruin.

4. Defendant operates as a subsidiary of TP-LINK Technologies Co., Ltd., a Chinese company. The Parent TP-Link has lately been the world's number one provider of Wi-Fi products, shipping over 80 million products around the globe during 2017.

5. The subsidiary, instant Defendant, was founded in 2008 and is based in Orange County, California. It manufactures and supplies networking products for home and small business, known as SOHO and SMB. Examples are switches, routers, and components for wireless systems.

6. TPU's products are available at substantially all major electronics retailers, online and in-store, in New York, including, amazon.com, jet.com, Best Buy, COSTCO, Home Depot, Office Depot, Sam's Club, Sears, Staples, Target, and Walmart.[1]

---

[1] https://www.tp-link.com/us/where-to-buy

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

8. The alleged acts of tortious interference and other conduct directed at CSC effected an "injury that would be felt by [the plaintiff] in the State in which []he lives and works, *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 1487 (1984), and TPU's "allegedly tortious actions were expressly aimed at" New York. *Lopez v. Shopify, Inc.,* 2017 U.S. Dist. LEXIS 77708, at *23 (SDNY 2017)

9. Personal jurisdiction by this Court over TPU is also proper pursuant to CPLR § 302(a)(3)(i) because TPU:

    A. committed tortious causing injury outside of New York that targeted and harmed Plaintiff in New York;

    B. TPU regularly does or solicits business, or engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York, namely, its SOHO and SMB networking products; or

    C. TPU expected or should reasonably have expected the acts complained of herein to have consequences in New York and derives substantial revenue from interstate or international commerce.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted herein occurred in the Eastern District of New York, namely, Plaintiff's listing of products on, receipt of notices, and permanent expulsion from amazon.com.

## FACTS

11. TPU sells its goods on amazon.com, either in its own right or as a First-Party Seller with goods "sold and fulfilled" by Amazon.

12. Plaintiff is a third-party seller on Amazon, which means that Plaintiff is a downstream purchaser that often lists and sells goods bearing the trademarks and other intellectual properties of manufacturers and other holders of intellectual property rights. Such sales are absolutely lawful under the "fair use doctrine," so long as the goods sold and delivered are authentic and the intellectual properties are not misused.[2]

13. Plaintiff and Amazon are parties to Amazon's Business Solutions Agreement, binding both parties to the terms thereof and policies adopted thereunder. See https://sellercentral.amazon.com/gp/help/external/1791?ref=efph_1791_cont_521&language=en_US

14. During late 2017-early 2018 Plaintiff acquired a handful of TP-Link products.

15. Plaintiff sourced each and every TPU product thus acquired from either Amazon directly, Fry's Electronics, Inc., or B&H Photo Video, all of which are Authorized Resellers of TPU products. Plaintiff never purchased a TPU product aside from those referenced in this paragraph.

16. Fry's, B&H Photo Video and Amazon, as Authorized Resellers of TPU's products, received their inventory of TPU products directly from TPU or its authorized agent. See n. 1, *supra*. The products thus acquired by Authorized Resellers and resold to CSC were authentic.

---

[2] See "We Do Not Enforce" at https://www.amazon.com/gp/help/reports/infringement

4

17. Plaintiff listed one or more its TPU products for sale on amazon.com in late 2017-early 2018.

18. All subject TPU products listed for sale were at all relevant times physically held in Amazon's warehouse under its Fulfilled by Amazon ("FBA") program, whereunder Amazon handles storage, delivery, customer complaints and other logistics.  They could have been checked for authenticity at any time.

19. On or about March 31, 2018 TPU reported to Amazon that Plaintiff had *listed* two (2) counterfeit TPU Products (Exhibit 1 hereto):

> From: "seller-evaluation@amazon.com" <seller-evaluation@amazon.com>
> Date: March 31, 2018 at 5:11:31 PM EDT
> To: "astarke613@gmail.com" <astarke613@gmail.com>
> Subject: Warning: Notice of Intellectual Property Rights Infringement
> Reply-To: "seller-evaluation+C3RJUR3HFTXUDM-TSXRDOTBRJO2S@amazon.com" <sellerevaluation+C3RJUR3HFTXUDM-TSXRDOTBRJO2S@amazon.com>
>
> Hello,
>
> We are contacting you because we received a report from a rights owner that you are listing counterfeit items. Examples of these items are listed below:
>
> ASIN: B00PDLRHFW, TP-Link Archer AC1900 Smart WiFi Router - Dual-Band Gigabit (C9)
> ASIN: B0168G0KZY, TP-Link Archer AC1200 Reliable Dual-band WiFi Router (C50)
>
> We may let you list this content again if we receive a retraction from the rights owner. Their contact information can be found below.
>
> TP-Link, Compliance
> compliance-usa@tp-link.com

> If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.
>
> If you believe that the reported content does not infringe the rights owner's intellectual property rights, you may email notice-dispute@amazon.com with supporting information.
>
> We consider allegations of intellectual property infringement a serious matter and your account is under review. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.
>
> To learn more about this policy, search for "Intellectual Property Violations" in Seller Central Help.
> Complaint ID: 1574766671,1574766551

20. Amazon has formal, mandatory procedures precedent to delisting a seller based upon authenticity complaints from an alleged owner of intellectual property. The procedure and required attestations are published at https://www.amazon.com/gp/help/reports/infringement (Exhibit 3 hereto). On information and belief, TPU executed the foregoing procedure falsely and communicated the required form by means of interstate wire services.[3]

21. TPU had ample opportunity to test purchase the accused products to determine authenticity but did not do so. It chose to allege Plaintiff's

---

[3] On information and belief, TPU attested to the following per the form:

**Statements**
"I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

"I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

6

"counterfeiting operation" with no factual basis whatever. Such actions were malicious.

22. If TPU genuinely thought CSC's listings were of counterfeit merchandise, it also had a remedy to send Plaintiff a takedown notice under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §512. Failure to use this remedy instead of reporting directly to Amazon bespeaks a specific intent to harm Plaintiff.

23. On April 3, 2018 Plaintiff emailed TPU at the Amazon-designated address, presenting documentary proof of authenticity and demanding that TPU retract its erroneous complaint to Amazon (Exhibit 2 hereto):

> From: "A. Starke" <astarke613@gmail.com>
> Subject: DEMAND FOR RETRACTION OF RIGHTS COMPLAINTS AND COMMITMENT TO CEASE SALES OF TP-LINK RESTRICTED PRODUCTS
> Date: April 3, 2018 at 3=07=04 PM EDT
> To: compliance-usa@tp-link.com
>
> To whom it may concern:
>
> I received the following email from Amazon:
>
> [material omitted to streamline complaint. Full document is Exhibit 2]
>
> I am requesting THAT YOUR COMPANY RETRACT this complaint BY SENDING THE RETRACTIONS TO NOTICEDISPUTE@AMAZON.COM. These items were purchased in very small quantity from an authorized re-seller, specifically from amazon.com and Amazon ITSELF WAS the seller. UNLESS YOU IN GOOD FAITH DOUBT THE GENUINENESS OF OUR ATTACHED DOCUMENTATION, I AM SURE YOU WILL UNDERSTAND THAT YOUR RIGHTS COMPLAINT ASSERTED UNTRUE CLAIMS AGAINST CAREFULSHOPPER. We have no intention and never did intend to sell your product in any sort of large quantity or do anything disruptive to the sale and retail fulfillment of your products. We only intended to purchase a small handful of authentic items and sell them quickly at their suggested retail prices. We had no awareness that this

7

> CONFLICTED with any of your company's policies and *we were not forewarned by your company in the way that most companies forewarn those whom they do not want selling their products.* I politely request that you please, as soon as possible, remove this rights complaint against my company, Carefulshopper, by contacting Amazon at the email address notice-dispute@amazon.com. We know well that your products are the best in your industry and we ourselves make use of your products. Going forward we would like to know how we can become an authorized re-seller of your products. If for any reason we cannot, we are prepared to stop further selling ANY of the said products and others of which you deem that we are ineligible to sell. I can be reached by phone on my cell phone at 216-905-2153 for further correspondence or via email.
>
> Thank you for your understanding in this matter.
>
> Sincerely,
>
> Adam Starke
> Owner Careful Shopper LLC
>
> TP-Link Archer
> AC1200.pdf
> TP-Link Archer
> AC1900.pdf

TPU did not acknowledge or respond to CSC, nor did it retract its complaint, and has not done so to this day.

24. Prior to April 9, 2018 TPU again reported to Amazon, falsely, that Plaintiff was again listing counterfeit TPU Products, citing a third product. Discovery will determine the exact date of TPU's second false report of alleged counterfeiting. On information and belief TPU made this second report with (i) knowledge of Amazon policies providing for suspension upon multiple IP Complaints, and (ii) with specific intent to cause Plaintiff's expulsion from Amazon.com (Exhibit 4 hereto):

> From: "seller-evaluation@amazon.com" <seller-

evaluation@amazon.com>
Date: April 9, 2018 at 7:37:20 AM EDT
To: "astarke613@gmail.com" <astarke613@gmail.com>
Subject: Warning: Notice of Intellectual Property Rights Infringement
Reply-To: "seller-evaluation+C3RJUR3HFTXUDM-T240AR46CIEJ1A@amazon.com" <seller-evaluation+C3RJUR3HFTXUDMT240AR46CIEJ1A@amazon.com>

Hello,

We are contacting you because we received a report from a rights owner that you are listing counterfeit items. Examples of these items are listed below:

ASIN: B010S6SG3S, TP-Link AC1750 WiFi Range Extender with High Speed Mode and Intelligent Signal Indicator (RE450)

We may let you list this content again if we receive a retraction from the rights owner. Their contact information can be found below.

TP-Link, Compliance
compliance-usa@tp-link.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content does not infringe the rights owner's intellectual property rights, you may email noticedispute@amazon.com with supporting information.

We consider allegations of intellectual property infringement a serious matter and your account is under review. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for "Intellectual Property Violations" in Seller Central Help.
Complaint ID: 1594857291

25. Plaintiff made repeated attempts to convince Amazon of its innocence of the alleged wrongdoing, without success. On April 23, 2018 Plaintiff provided proof (see Amazon's Final Details for Order #111-6388017-8133815,

9

attached as Exhibit 5) to Amazon that it had purchased the accused items from an authorized source:

> From: Adam Starke
> Sent: Monday, April 23, 2018 5:44:06 PM
> To: noAce-dispute@amazon.com
> Subject: ASIN B0168G0KZY, B00PDLRHFW, B010S6SG3S
>
> Regarding asins: B0168G0KZY, B00PDLRHFW, B010S6SG3S
>
> TP Link has made a claim against our goods which we sold that they were inauthentic. This claim is FALSE. All these items were purchased from amazon.com and amazon was the seller on record. We no longer intend to sell these items as we see clearly it is against the manufacturers wishes. However, regarding their claim that our items were inauthentic this is FALSE and we regard this claim as a defamation against us liable to proceedings in a court of law. Please remove the inauthentic complaints against us.

26. On April 27, 2018, having recalled the accused items and having them in its possession, and in response to a request from Amazon Seller-Support, Plaintiff further supported the authenticity of the accused items by providing pictures of the items' identifying information, e.g. Model and Serial Nos: (Exhibit 6 hereto):

> **From:** Adam Starke <adam@carefulshopper.com>
> **Date:** April 27, 2018 at 11:11:40 AM EDT
> **To:** "notice-dispute@amazon.com" <notice-dispute@amazon.com>, "seller-performance@amazon.com" <seller-performance@amazon.com>
> **Subject: ASIN B0168G0KZY, B00PDLRHFW, B010S6SG3S**
>
> Regarding asins: B0168G0KZY, B00PDLRHFW, B010S6SG3S
>
> TP Link has made a claim against our goods which we sold that they were inauthentic/fake goods. This claim is FALSE. All these items were purchased from amazon.com and amazon was the seller on record. We no longer intend to sell these items as we see clearly it is against the manufacturers wishes. However, regarding their claim that our items were inauthentic this is FALSE and we regard this claim as a defamation against us liable to proceedings in a court of law. Please remove the inauthentic complaints against us.

27. On April 28, 2018 Amazon emailed Plaintiff, acknowledging the controversy over TPU products, the following status report on Plaintiff's appeal (Exhibit 7 hereto):

> From: Amazon <notice-dispute@amazon.com>
> Date: April 28, 2018 at 1:16:59 AM EDT
> To: "astarke613@gmail.com" <astarke613@gmail.com>
> Subject: Notice: Policy Warning
> Reply-To: Amazon notice-dispute@amazon.com
>
> Hello,
>
> We are still reviewing your account. We will send you an email when we finish the review.
> ASIN(s): B00PDLRHFW, B0168G0KZY
> Complaint ID: 5022245921
>
> Sincerely,
>
> Seller Performance Team

28. Three days later Amazon finally adjudicated Plaintiff's appeal and, true to its word ("If we receive more complaints about your listings, we may not allow you to sell on Amazon.com."), permanently expelled Plaintiff from amazon.com on May 1, 2018 (Exhibit 8 hereto):

> From: Amazon <seller-performance@amazon.com>
> Date: May 1, 2018 at 5:56:16 AM EDT
> To: "adam@carefulshopper.com" <adam@carefulshopper.com>
> Subject: Your Amazon.com selling privileges have been removed
> Reply-To: Amazon <seller-performance@amazon.com>
> Hello,
>
> We reviewed your account and the information you provided, and we have decided that you may not sell on Amazon.com.
>
> Please ship any open orders. If you have funds in your account, they will be available after any amounts paid for A-to-z claims or chargebacks on your orders have been deducted. You can see your balance and settlement information in the Payments section of Seller Central.

11

> If you have questions about those, please write to payments-funds@amazon.
>
> Sincerely,
> Seller Performance Team

29. Plaintiff exhausted all possible administrative options at Amazon, including appellate procedures and a certified letter to Amazon's General Counsel . . . to no avail. Neither Amazon nor TP-Link disputed that the three ASINS cited as counterfeit were, in fact, purchased from an authorized reseller. Plaintiff was permanently expelled nonetheless.

30. By reason of the expulsion Plaintiff was unable to sell his aging inventory, access his funds in Amazon's hands, or pay his loan owing to Amazon Capital Support. Plaintiff suffered a Notice of Default on said loan, accrual of interest, imposition of countless fees and other burdens incidental to the purported breach of Amazon's Business Solutions Agreement and program policy. There exists no alternate, comparable platform whereby a third-party seller can earn a living, as approximately one-half of all online retail sales are made on amazon.com, and the other half of online retail sales are diffused amongst millions of websites.

31. The above cascade of adversities drove Plaintiff to insolvency, destroying a business producing profit of approximately $200,000 per annum. Accordingly, Plaintiff has been damaged, as a direct result of TPU's false notices to Amazon, in the approximate amount of $1,500,000 to $2,000,000.

32. TPU's actions and inactions, moreover, were willful, wanton, actually malicious and outrageous, so as to justify the imposition of punitive damages

in an amount not less than $4,000,000, together with attorney fees to be determined by the Court.

### FALSE INFRINGEMENT CLAIMS AT AMAZON

33. In an April 2018 article by Chris McCabe, the renowned expert in Amazon Seller Performance issues, Mr. McCabe summarizes "[h]ow unethical sellers abuse the system with bogus IP, trademark, copyright and patent reports:"[4]

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable. **Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.** Amazon are not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications. They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it. What if you can't locate a party who submits a false form against you? It's up to you to chase them down and then show Amazon teams that the infringement allegations are false. There is no guarantee that you'll be successful though, as results vary.

35. TPU was an unethical seller in the instant case when it falsely executed formal complaints against Plaintiff and, even if it issued the first complaint (3/31/18) as an honest mistake (it did not), it received absolute proof of its error on April 3, 2018 . . . but did not retract its evil report; in fact, it issued another

---

[4] Chris McCabe is a former Investigation Specialist for Amazon's Seller Performance team. His article is "False Infringement Claims are Rife on Amazon," at https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/

13

damning report and thereby sealed Plaintiff's doom.

36. TPU acted maliciously and intentionally in reporting to Amazon that Plaintiff was listing counterfeit TPU products and, if fact, TPU's second report to Amazon was made when TPU indisputably knew its report was false because Plaintiff had submitted proof beyond any doubt that Plaintiff's TPU products were authentic.

**CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS**

37. Plaintiff incorporates the allegations above as though the same were re-written at length.

38. In order to state a claim for tortious interference with prospective economic advantage, plaintiff must plead facts sufficient to demonstrate that she had "(1)...business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) defendant's acts injured the relationship." *Catskill Development L.L.C. v Park Place Entertainment Corp.,* 547 F.3d 115, 132 (2d Cir. 2008); See also *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 114 (2d Cir. 2010).

39. As of March 31, 2018 Plaintiff was a third-party seller on Amazon and thriving.

40. TP-Link's accusations of counterfeiting, made directly to Amazon, interfered with Plaintiff's business relationship with Amazon.

41. TP-Link's accusations were false and TP-Link knew they were false at

14

relevant times. TP-Link's statements were made maliciously and with ill will, as business entities do not lie about competitors absent a strong measure of ill will. TP-Link falsely accused Plaintiff for the improper purpose of eliminating competition. Discovery is necessary to identify other improper purposes for the challenged conduct.

42. Amazon stated that it took TP-Link's accusations very seriously, threatened to terminate Plaintiff for repeated IP Complaints and, in fact, expelled Plaintiff as an Amazon third-party seller after receiving repeated IP Complaints.

43. Amazon stated that it would act favorably if TP-Link would retract its accusations; but, despite being shown indisputable proof of Plaintiff's innocence of the counterfeiting charges, TP-Link refused to retract them ("IP Complaints").

44. TP-Link's acts destroyed Plaintiff's relationship with Amazon, thereby causing destruction of Plaintiff's business.

### CLAIM II: LIBEL PER SE

45. Plaintiff incorporates the allegations above as though the same were re-written at length.

46. The elements of a cause of action for slander under New York law are (i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) "of and concerning" the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." Under New York defamation law, the Courts have distinguished "a limited category of

statements" that are considered "libelous *per se* which do not require pleading and proof of special damages." *Davis v. Ross*, 754 F.2d 80, 82 (2d Cir. 1985).

47. TP-Link's accusations against Plaintiff charged Plaintiff with a serious crime or crimes, to wit: counterfeiting, a form of serious fraud, undertaken by means of interstate wire services, itself a Federal felony.

48. TP-Link's accusations against Plaintiff injured Plaintiff in its business and trade.

49. TP-Link's accusations against Plaintiff caused Plaintiff reputational injury.

50. TP-Link's accusations against Plaintiff constitute libel *per se.*

51. Although injury may be presumed due to libel *per se,* Plaintiff suffered above and beyond presumed damages, e.g. loss of enterprise value and income. In particular, Careful Shopper, lost good will specific to the Careful Shopper-Amazon relationship that cannot be recovered including, *inter alia,* Plaintiff's right to sell a broad range of products on amazon.com, much of which entitlement was grandfathered.[5]

WHEREFORE, Plaintiff prays for relief as follows:

    A. Compensatory damages of at least $2,000,000;

    B. Punitive damages of not less than $4,000,000;

    C. Attorney fees and costs; and

    D. Such other and further relief as the Court may order.

---

[5] As an established third-party seller, Plaintiff was entitled to sell many products that a new seller would be precluded from selling based upon Amazon's "gating" and other restrictions.

## JURY DEMAND

Plaintiff demands a trial by jury as to all triable issues.

/s/Mark Schlachet_____
Mark Schlachet
Law Offices of Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390
Email:
markschlachet@me.com

***Attorney for Plaintiff***