

August 10, 2018

<u>VIA ECF</u>
Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Careful Shopper, LLC v. TP-Link USA Corp., et al.*,
              Docket No. 1:18-cv-03019-RJD-RML

Dear Judge Dearie:

This office, together with The Law Office of Mark Schlachet, represents Plaintiff, Careful Shopper, LLC. I write in response to the letter of Mr. Tuaffaha dated August 3, 2018, in which Defendant TP-Link USA Corp. ("TP-Link") seeks a pre-motion conference "to discuss TP-Link's contemplated motion to dismiss" the Amended Complaint."

We object to TP-Link's request for three reasons. First, the Amended Complaint sets forth a sufficient basis to demonstrate this Court's jurisdiction. Second, TP-Link's attempt to enforce an arbitration clause in a contract to which it is not a party is without legal basis. Third, even if this Court were to deem TP-Link's position meritorious (which, we submit, it is not), it is respectfully submitted that limited discovery as to jurisdiction would be a more prudent course of action than motion practice at this time.[1]

**I.    THE CONTACTS BETWEEN TP-LINK AND NEW YORK ARE SUFFICIENT TO ESTABLISH PERSONAL JURISDICTION.**

TP-Link challenges personal jurisdiction upon the premise that "[t]he only basis for personal jurisdiction Plaintiff alleges is under CPLR § 302(a)(3)(i)." This assertion is incorrect. The first basis for jurisdiction is set forth in ¶ 16 of the Amended Complaint, which cites, *inter alia*, *Lopez v. Shopify, Inc.*, 2017 U.S. Dist. LEXIS 77708, at 23 (S.D.N.Y. 2017).[2] The citation of CPLR § 302(a)(3)(i) in ¶ 17 of the Amended Complaint is an additional basis of jurisdiction, not "the

---

[1] We have proposed this to TP-Link's counsel but they have declined to consent.
[2] *Lopez* incorporates and discusses CPLR §302(a)(1). Pursuant to §302(a)(1), when a party intentionally avails itself of the protections of New York law to conduct activities with an "articulable nexus" or "substantial relationship" to behavior challenged as tortious, the New York courts will have specific jurisdiction of the resulting claim and the party engaging in such conduct. *Fischer v. Stiglitz*, 2016 U.S. Dist. LEXIS 74842 (S.D.N.Y. 2016).

only basis" therefor.³ Moreover, the failure to allege a specific basis for personal jurisdiction, does not preclude its consideration. *See Kropschot Financial Services, Inc. v. Balboa Capital Corp.*, 2012 WL 1870697, *4 (S.D.N.Y. 2012) (denying a Rule 12(b)(6) motion to dismiss even though plaintiff "does not specifically allege personal jurisdiction in the complaint"). Indeed, "[n]owhere in the CPLR's rules of pleading is there any requirement of an allegation of the court's jurisdiction." *Parker Waichman Alonso LLP v. Orlando Firm, P.C.*, 2010 WL 1956871, n.2 (S.D.N.Y. 2010) *citing Fischbarg v. Doucet*, 9 N.Y.3d 375, n.5 (N.Y. 2007). *See also Albino v. Global Equipment USA, Ltd.*, 2017 WL 3130380, *4 (W.D.N.Y. 2017).

"[C]ourts will entertain defamation cases against non-domiciliaries so long as jurisdiction exists under [CPLR] § 302(a)(1)." *Trachtenberg v. Failedmessiah.com* , 43 F. Supp. 3d 198, 202 (E.D.N.Y. 2014); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 245-46 (2d Cir. 2007).⁴ Here, there are numerous "contacts" between TP-Link and New York, three of which are considered business presence of an international giant in its field and conceded by TP-Link (Letter, p. 2). The Court is respectfully referred to ¶¶ 11-13, 19 of the Amended Complaint, which includes the following additional allegations:

- Mr. Lei purchased in his own name (using TPU funding or reimbursement) [from CSC in New York] TPU products from CSC on approximately 20 occasions, without disclosure of TP-Link involvement, between March and December 2017. He received them at TPU/TPN's Fontana CA warehouse, examined the products, and returned a number of them [to CSC in New York]. [In one instance CSC sold Mr. Lei a product that TP-Link initially sold to B&H Photo in New York, from whom CSC bought the item prior to selling it to Mr. Lei, i.e. a circle of commercial activity closely related to the defamations at suit.] All products sold were authentic and no claim of counterfeiting was made. Instead, Mr. Lei or those acting in concert with him, libeled CSC in March 2018 for *listing* counterfeit products while never claiming that CSC *sold* a counterfeit TPU product.
- TPU sells its goods on amazon.com, either in its own right or as a First-Party Seller with goods "sold and fulfilled" by Amazon [likely including products purchased by Plaintiff in New York for which it was charged with counterfeit listing].

In light of the foregoing, it is respectfully submitted that this Court's jurisdiction over TP-Link and the claim asserted herein is clear. Motion practice suggesting otherwise would be without merit.

## II.    TP-LINK MAY NOT COMPEL ARBITRATION BASED UPON PLAINTIFF'S CONTRACT WITH AMAZON.

---

³ This is evident from the opening sentence of ¶ 17, which states that "Personal jurisdiction by this Court over TPU and TPN are *also* proper pursuant to CPLR § 302(a)(3)(i) ..." (emphasis added).

⁴ Although TP-Link in note 4 suggests the applicability of the so-called "effects test," Hon. Allison J. Nathan has recently opined that the effects test is not the correct standard under facts essentially identical to those at bar.  *Fischer v. Stiglitz*, 2016 U.S. Dist. LEXIS 74842, at *15-16 (S.D.N.Y. 2016).

TP-Link asserts that it can compel Plaintiff to arbitrate its claim for tortious interference based upon Plaintiff's contract with non-party Amazon. The general rule is that a non-party to an arbitration agreement is neither bound by the arbitration agreement nor has the right to enforce the arbitration agreement except in "rare circumstances." *Sarhank Group v. Oracle Corp.*, 404 F.3d 657, 662 (2d Cir. 2005).

Contrary to TP-Link's assertion, Plaintiff's claims do not "arise under the subject matter of the [arbitrable] agreement," which, if they did, may grant credence to a potential motion to compel arbitration; rather, they arise independently under tort law. For a claim to "arise under" an arbitration agreement, "*actual dependence* on the underlying contract in making out the claim against the non-signatory defendant is therefore always the *sine qua non* of an appropriate situation for applying equitable estoppel." *Bankers Conseco Life Ins. Co. v. Feuer*, 2018 U.S. Dist. LEXIS 43828, at *15 (S.D.N.Y. Mar. 13, 2018).

Further, with respect to TP-Link and Amazon there exists no "tight relatedness of the parties, contracts and controversies" to demonstrate the "close relationship" required by the Second Circuit. *Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.*, 271 F.3d 403, 406 (2d Cir, 2001). See also *Denney v. BDO Seidman, L.L.P.*, 412 F.3d 58, 70 (2d Cir. 2005); *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354, 356, 361-62 (2d Cir. 2008) ("Arbitration in the instant case was not appropriate because there was not even implied consent to arbitrate"). The elements necessary to impose an arbitration clause upon non-signatories to a contract are decidedly not present here.

### III.   IN THE ALTERNATIVE, THE COURT SHOULD SET A SCHEDULE FOR LIMITED DISCOVERY RELATING TO SUBJECT MATTER JURISDICTION.

For the reasons set forth above, it is respectfully submitted that the Amended Complaint sets forth sufficient bases for personal jurisdiction. However, if this Court were inclined to consider a motion to dismiss for lack of personal jurisdiction, limited discovery as to those matters should be conducted as a prerequisite to any motion practice. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981) (holding that a district court "may permit discovery in aid of the motion" to dismiss).

Should this Court consider a motion to dismiss (which, we submit, it should not), it would be prudent, and in the best interests of the parties and of the Court, that such motion be heard only after the issues relating to jurisdiction have been disclosed, which, in fact, may ultimately obviate the need for any such motion practice in the first place. For that reason, the Court should order limited jurisdictional discovery at this time prior to considering motion practice.

In light of the foregoing, it is respectfully submitted that the request by TP-Link for a pre-motion conference should be denied. In the alternative, should this Court consider allowing such motion to be filed, limited discovery relating to jurisdictional issues should be ordered prior to the filing of any such motion.

                                              Respectfully submitted,

                                                    /S/
                                          Simcha D. Schonfeld, Esq.
                                          Email: sds@kandsllp.com
                                          Jacob J. Schindelheim, Esq.
                                          Email: jjs@kandsllp.com
                                          Koss & Schonfeld, LLP
                                          90 John Street, Suite 503
                                          New York, NY 10038
                                          Tel: (212) 796-8914

CC (via ECF):
All Counsel