

LTL ATTORNEYS LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071
TEL: 213-612-8900  |  FAX: 213-612-3773
WWW.LTLATTORNEYS.COM

LOS ANGELES  |  SAN FRANCISCO  |  ORANGE COUNTY

**VIA ECF**

November 15, 2018

The Honorable Robert M. Levy, United States Magistrate Judge, E.D.N.Y.

Re:   *Careful Shopper, LLC v. TP-Link USA Corp., et al.*, Case No. 1:18-cv-03019-RJD-RML

Dear Magistrate Judge Levy:

We represent defendant TP-Link USA Corporation, which also does business as co-defendant TP-Link North America, Inc.[1] (collectively, "TP-Link"), in the above-referenced action. We write in response to Plaintiff's November 11, 2018 letter (ECF No. 22). This discovery dispute relates to Judge Dearie's order of "modest jurisdictional discovery" in conjunction with TP-Link's forthcoming motion to dismiss based on lack of personal jurisdiction. (*See* ECF No. 20 (Sept. 12, 2018, minute order); ECF No. 15 (TP-Link's pre-motion conference letter).)

**Background and Summary of Plaintiff's Complaint**

Plaintiff was allegedly a third-party seller on Amazon.com[2] and sold TP-Link-branded technology products to downstream consumers. (ECF No. 6, Amended Complaint ¶¶ 1, 22–24.)[3] However, Plaintiff admits that it is not an authorized TP-Link reseller. (*Id.* ¶ 31.) "**During early 2017-early 2018** Plaintiff acquired a **handful of TP-Link products**." (*Id.* ¶ 22 (emphasis added).) Plaintiff sourced all its TP-Link products from Amazon, Fry's Electronics, or B&H Photo Video and then apparently sent the at-issue TP-Link products to Amazon.com for resale. (*Id.* ¶¶ 23, 26.) TP-Link purchased some of its own products from Plaintiff's Amazon online store. (*Id.* ¶¶ 11–12.) Between March and April 2018, Plaintiff alleges TP-Link notified Amazon that three TP-Link-branded products sold by Plaintiff were counterfeit and infringed on TP-Link's intellectual property rights. (*Id.* ¶¶ 27, 32.)[4] Following email exchanges, Amazon expelled Plaintiff from its platform. (*Id.* ¶¶

---

[1] Plaintiff's letter states that "TP-Link North America has completely ignored the jurisdictional discovery which was ordered." (ECF No. 22 at 3.) This is not true. As explained to Plaintiff's counsel, TP-Link NA is a fictitious business entity of TP-Link USA with the same business operations, and therefore TP-Link USA responded to jurisdictional discovery on behalf of TP-Link NA.

[2] Plaintiff's relationship with Amazon is governed by the Amazon Services Business Solutions Agreement. (ECF No. 6, ¶ 21 (available at https://amzn.to/2mQtq5K).)

[3] For purposes of the motion to dismiss and this discovery dispute, TP-Link accepts as true well-pleaded factual allegations.

[4] TP-Link does not extend warranty coverage to products sold by <u>unauthorized</u> resellers like Plaintiff, rendering such products materially different from those sold by <u>authorized</u> resellers. The sale of materially different products constitutes trademark infringement. *See Original Appalachian Artworks, Inc. v. Granada Elecs., Inc.*, 816 F.2d 68, 72–73 (2d Cir. 1987); *Bell Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp. 2d 208, 225–26 (S.D.N.Y. 2011).

33–37.) Plaintiff alleges that the goods were not counterfeit, and that TP-Link's complaints constitute libel *per se* and tortious interference with existing and prospective business relationships (i.e., termination of Plaintiff's relationship with Amazon.com). (*Id*. ¶¶ 45–59.)

TP-Link is a California corporation with its principal place of business in Brea, California. (*Id*. ¶ 6.) Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. The at-issue emails were sent to Amazon by a California-based third-party monitoring service, which TP-Link identified to Plaintiff as Amazzia. Plaintiff is located in this District. (*Id*. ¶ 2; *see also* ECF No. 15 at 1–2.)

**At-Issue is Whether Specific Jurisdiction Exists Based on § 302(a)(1)'s Nexus Requirement**

Plaintiff's letter acknowledges that the *only* asserted basis for personal jurisdiction is specific jurisdiction under CPLR § 302(a)(1), which permits New York jurisdiction for out-of-state torts: (1) if the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state;" and (2) "there [is] an 'articulable nexus' [] or 'substantial relationship' [] between the business transaction and the claim asserted." *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 339 (N.Y. 2012) (citations omitted); *see also Pichardo v. Zayas*, 122 A.D.3d 699, 701-02 (2d Dep't 2014). **TP-Link does not dispute the first prong**. TP-Link readily acknowledged both in its letter to Judge Dearie and to Plaintiff's counsel during meet-and-confer that TP-Link transacts business in New York. (*See* ECF No. 15 at 1–2.)

The only jurisdictional dispute is whether Plaintiff can meet its burden of demonstrating the second *Licci* prong—that there is an articulable nexus or substantial relationship between TP-Link's in-state activity and claims asserted in this action. It is undisputed that there were *no* communications or products exchanged *directly* between TP-Link and Plaintiff. (ECF No. 6, ¶¶ 22-26.) There is also no dispute the allegedly defamatory emails giving rise to the asserted claims were *never* published in New York, directed at New York, or transmitted through New York. (ECF No. 6, ¶¶ 27, 32, 35, 36.) A California-based third party sent the at-issue emails to Amazon in Washington. (ECF No. 15 at 1.)

Instead to assert jurisdictional discovery, Plaintiff relies on a convoluted theory of a "circle of commercial activity" as follows: (1) TP-Link sold products to a third-party; (2) Plaintiff purchased the products from the third-party; (3) Plaintiff offered the products for re-sale on Amazon; and (4) Amazon then sold the products to TP-Link and others. (ECF No. 6, ¶¶ 11-12; ECF No. 19 at 2 (Plaintiff's letter to the Court explaining its "circle of commercial activity" theory).)

**TP-Link Has Agreed to Produce Documents Related to Plaintiff and At-Issue Transactions**

Notwithstanding the merits of Plaintiff's theory of specific jurisdiction (Plaintiff has not cited any supporting authority despite repeated requests), TP-Link agreed to produce responsive, non-privileged documents in its possession related to Plaintiff, the allegedly defamatory emails, and specific transactions that supposedly commenced the "circle of commercial activity." Specifically, in its written responses, TP-Link agreed to produce documents related to: (a) direct sales to Plaintiff; (b) purchases by TP-Link (or its employees) from Plaintiff; (c) communications about Plaintiff; and (d) communications with any third-party about Plaintiff. (*See* Exhibit A (TP-Link's

written responses).) TP-Link produced responsive, non-privileged documents on November 5, 2018.[5]

In addition, during meet-and-confer, TP-Link offered to produce documents related to identifiable transactions that supposedly give rise to the "circle of commercial activity." Plaintiff's theory is premised on TP-Link's alleged distribution of a "handful" of products in New York "[d]uring early 2017-early 2018" that Plaintiff purchased and offered for resale. Because there were no direct sales from TP-Link to Plaintiff, *Plaintiff alone* is in possession of information about what it purchased, when the purchases were made, and from whom Plaintiff purchased at-issue products. TP-Link offered to search its records to try and trace the products through commerce based on information from Plaintiff about its purchases (e.g., serial numbers). Plaintiff rejected this offer.

**Plaintiff's Request for an Overbroad and Harassing Fishing Expedition Must be Denied**

Plaintiff insists on maintaining jurisdictional discovery requests that are overbroad to the point of incomprehensibility, and entirely untethered to the disputed issue—whether any of Plaintiff's claims have an "articulable nexus" or "substantial relationship" to TP-Link's in-state activity. Although the "circle of commercial activity" originates with Plaintiff's purchase of a "handful" of products in 2017 and 2018, Plaintiff seeks "[a]ny and all documents evidencing any and all": (i) "goods and/or materials supplied by [TP-Link] in New York" (No. 1.); (ii) "sales by the New York sales manager of" TP-Link (No. 2); (iii) "transactions of business in New York conducted by the sales manager of Defendant" (No. 3); and (iv) "sales of TP-Link in New York to" third-party distributors (RFP Nos. 5 & 6). The requests are for documents *from any point in time*, and regardless of whether those transactions are related to Plaintiff's claims.

Seemingly unsatisfied with its already overbroad requests, Plaintiff goes on to request "[a]ny and all documents": (a) "referencing any [New York] financial transactions"; (b) "referencing any and all [New York] business transactions"; and (c) related to New York supply contracts (Nos. 9–11). The ostensible basis of these requests is to establish the straightforward and undisputed first *Licci* prong—that TP-Link does business in New York. In short, Plaintiff seeks "any and all documents" related to any business TP-Link has ever done in New York, a far cry from the "modest" jurisdictional discovery Judge Dearie permitted.

Plaintiff alleges it only purchased a "handful" of TP-Link products during a one-year period from just three sources—Amazon.com, Fry's Electronics, or B&H Photo Video. (ECF No. 6, ¶ 23.) Plaintiff claims its purchases from one of those sources is "[v]ery likely to demonstrate articulable nexus, as Plaintiff purchased goods from B&H Photo." Plaintiff should be able to identify and provide specific information about which transactions support its "circle of commercial activity" theory. TP-Link has agreed to produce documents related to identified transactions (i.e. those actually relevant to whether specific jurisdiction exists). Plaintiff regrettably appears more interested in using jurisdictional discovery to harass TP-Link and obtain some litigation advantage. Plaintiff's requests should be denied.

---

[5] Contrary to Plaintiff's statement, TP-Link has not "adamantly refused to produce any documents responsive to RFP Nos. 1-3, 5-7, 9-11, 13. (ECF No. 22 at 3.)



Respectfully submitted,

  /s/ Heather F. Auyang
Heather F. Auyang
LTL Attorneys LLP
*Attorney for Defendants*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAREFUL SHOPPER, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>TP-LINK USA CORPORATION<br><br>*Defendant*,<br><br>and<br><br>TP-LINK NORTH AMERICA, INC.<br>145 S STATE COLLEGE BLVD., STE 400<br>BREA, CA 92821-5833<br><br>*New Party Defendant*. | 1:18-cv-03019 (RJD)(RML)<br><br>**DEFENDANT TP-LINK USA CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS IN CONNECTION WITH JURISDICTIONAL DISCOVERY** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, TP-Link USA Corporation (hereinafter "Defendant"),[1] hereby responds to Plaintiff Careful Shopper's ("Plaintiff") Requests for Production of Documents in Connection with Jurisdictional Discovery as follows.

## GENERAL OBJECTIONS

Defendant generally objects to these requests and their accompanying Definitions and Instructions on the following grounds, which are incorporated into and made a part of Defendant's response to each and every individual request:

1. Defendant objects to these requests as overbroad, unduly burdensome, and outside the scope of "modest jurisdictional discovery" ordered by the Court. [ECF No. 20 (Sept. 12, 2018 Pre-Motion Conference)]

2. Defendant objects to the extent the requests call for the production of documents protected by the attorney-client privilege, the attorney-work product doctrine and/or any other applicable privileges. Such documents and information will not be provided. Any inadvertent

---

[1] TP-Link North America, Inc. ("TP-Link NA") is a fictitious business entity of TP-Link USA Corporation and therefore responds on behalf of TP-Link NA.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS IN CONNECTION WITH JURISDICTIONAL DISCOVERY**
-1-

production of such documents and/or information shall not be deemed to waive any privilege with respect to such documents and/or information or any work product doctrine which may attach thereto.

3.   Defendant objects to the extent the Requests seek to impose obligations upon Defendant not required by the Federal Rules of Civil Procedure, the Local Rules, or the Orders of the Court.

4.   Defendant objects to the requests to the extent that they seek documents that are not within its possession, custody, or control.  Further, any statement in these responses that Defendant will produce any non-privileged documents that are discovered after a reasonable search of files within its possession, custody, or control should not be construed as an assertion that any such documents in fact exist; such a statement only means that Defendant will conduct a reasonable, good-faith search for such documents and will produce any that are found. Defendant objects to the extent the requests purport or are intended to require any search more extensive than a reasonable, good-faith search of files that are reasonably likely to contain responsive documents.

5.   Defendant objects to the extent these requests use terms that are not defined or understood, or are vaguely and/or ambiguously defined, and therefore fail to identify with reasonable particularity the information sought.  Defendant will not speculate as to the meaning as ascribe to such terms.

6.   Defendant objects generally to each request to the extent it is overbroad, unduly burdensome and oppressive, including without limitation to the extent that a Request fails to specify any relevant time period.  Defendant will produce documents (if any) that were created prior to the service of the Complaint on May 25, 2018.

7.   Defendant objects to Instruction No. 1, which states, "You are required to produce all of the requested documents including (by way of illustration only and not limited to) documents in the possession, custody or control of you or your affiliates, or merged and acquired

predecessors and your present or former attorneys, partners, employees, advisors or consultants or other agents, as well as present or former independent contractors over which you have or had control, and any other person acting on your behalf." Instruction No. 1 is impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. Defendant further objects to this instruction on the grounds that it encompasses entities beyond Defendant's control. Defendant responds to these requests on behalf of itself alone, and no other party.

**REQUEST FOR PRODUCTION NO. 1**

Any and all documents evidencing any and all goods and/or materials supplied by Defendants in New York.

**RESPONSE TO REQUEST PRODUCTION NO. 1**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 2**

Any and all documents evidencing any and all sales by the New York sales manager of Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the

scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 3**

Any and all documents evidencing any and all transactions of business in New York conducted by the sales manager of Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 4**

Any and all documents evidencing any and all TP-Link purchase activity through Tom Lei, or Tom Lei purchase activity, or others' purchase activity from New York residents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff, and all documents related to purchases by Defendant of Defendant's products from Plaintiff.

**REQUEST FOR PRODUCTION NO. 5**

Any and all documents evidencing any and all sales of TP-Link in New York to third-party distributors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 6**

Any and all documents evidencing any and all sales by TP-Link to B&H Photo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 7**

Any and all documents relating to any communications between the Plaintiff and Defendants referencing business transacted by Defendants within the state of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 8**

Any and all documents relating to any communications between Defendants and Amazon referencing sales by third party sellers located in New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all communications between Defendant and Amazon related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 9**

Any and all documents referencing any financial transactions conducted by Defendants in New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 10**

Any and all documents referencing any and all business transactions conducted by Defendants in New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 11**

TP-Link's contracts anywhere to supply goods or services in New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the

scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 12**

Any and all documents evidencing any and all of TP-Link's deliveries to Amazon in New York of the following piece of equipment: TP-Link AC1900 Wireless Dual Band Gigabit Router (Archer C9).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

Subject to and without waiving the foregoing objections, Defendant will produce all documents related to any direct sales by Defendant to Plaintiff.

**REQUEST FOR PRODUCTION NO. 13**

Any and all documents evidencing communications between TP-Link and any third party monitoring service, relating to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Defendant objects to this request as overbroad, unduly burdensome, irrelevant and outside the scope of "modest jurisdictional discovery" ordered by the Court. In particular, the request seeks information: (1) about conduct not alleged in the Complaint; and (2) outside the scope of specific jurisdiction under CPLR §301(a)(1), which requires an articulable nexus or substantial relationship between in-state activity and claims asserted in the Complaint.

-9-

Subject to and without waiving the foregoing objections, Defendant will produce all communications with any third-party monitoring service related to Plaintiff.

Dated: October 17, 2018                                        LTL ATTORNEYS LLP

                                        By:  */s/ Heather Auyang*
                                             Joe Tuffaha
                                             Heather Auyang
                                             Prashanth Chennakesavan

                                             *Attorneys for TP-Link USA Corp. d/b/a*
                                             *TP-Link North America, Inc.*

# PROOF OF SERVICE

STATE OF CALIFORNIA)
COUNTY OF LOS ANGELES)

    I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 300 South Grand Avenue, 14th Floor, Los Angeles, CA 90071.

    On **October 17, 2018**, I served the foregoing document(s) described as:

**DEFENDANT TP-LINK USA CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS IN CONNECTION WITH JURISDICTIONAL DISCOVERY**

    on the interested parties in this action.

| | |
|---|---|
| Mark Schlachet<br>Law Office of Mark Schlachet<br>3515 Severn Road<br>Cleveland, Ohio 44118<br>Telephone: 216-225-7559<br>Fax: 216-932-5390<br>E-mail: markschlachet@me.com | *Counsel for Plaintiff CAREFUL SHOPPER LLC* |
| Simcha D. Schonfeld<br>Jacob J. Schindelheim<br>90 John Street, Suite 503<br>New York, NY 10038<br>Telephone: 212-796-8916<br>Fax: 212-401-4757<br>E-Mail: sds@kandllp.com / jjs@kandsllp.com | *Counsel for Plaintiff CAREFUL SHOPPER, LLC* |

[X]    **BY ELECTRONIC MAIL** I transmitted the above listed document(s) to the e-mail address(es) set forth above on this date.

Executed on **October 17, 2018**, at Los Angeles, California.

[X]    (Federal) I declare under penalty of perjury under the laws of the United States that the above is true and correct.

    Alexis Galindo
    *Print Name*    *Signature*

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2018, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Dated: November 15, 2018                    By:     */s/ Heather F. Auyang*