**Mark Schlachet, Esq.**
3515 Severn Road
Cleveland, Ohio 44118
Tel:216-225-7559
FAX:216-932-5390
Email:markschlachet@me.com

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 18 2019 ★

**BROOKLYN OFFICE**

Admitted: OH, NY

January 16, 2019

Jan. 17, 2019

Essentially a discovery dispute. Referred to Judge Levy for appropriate resolution.

So ordered.

/s/ USDJ RAYMOND J. DEARIE

VIA ECF
Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Careful Shopper, LLC v. TP-Link USA Corp., et al.*,
     Docket No. 1:18-cv-03019-RJD-RML

Dear Judge Dearie:

This office is one of the counsel for Plaintiff, Careful Shopper, LLC. I write with a time-sensitive concern related to the briefing of TP-Link's Motion to Dismiss, which is in process under Your Honor's Individual Motion Practices.

The Court ordered limited jurisdictional discovery following pre-motion conference of September 12, 2018. TP-Link initially refused to produce most requested documents sought by Plaintiff in limited jurisdictional discovery. Plaintiff filed a Rule 37 Motion before Judge Levy in which Plaintiff justified some of its discovery requests as follows:

> Under the rubric of "due process," the United State Constitution requires that an out-of-state manufacturer have "minimum contacts" in order for specific state jurisdiction to apply . . . Many of Plaintiff's RFP's are designed to elicit information which will illuminate the fairness and justice of requiring TP-Link to defend this action in New York.

Rule 37 Letter Motion, Dkt No. 22 at pp.1-2. TP-Link responded:

> The only jurisdictional dispute is whether Plaintiff can meet its burden of demonstrating the second *Licci* prong—that there is an articulable nexus or substantial relationship between TP-Link's in-state activity and claims asserted in this action.

Response to Rule 37 Letter Motion, Dkt. No. 23 at p.2.

Moreover, the record of the proceedings before Judge Levy is replete with TP-Link's further disclaimers as to any personal jurisdiction issue aside from the Second *Licci* Prong. Based solely upon TP-Link's disclaimer of pursuing any argument beyond the Second *Licci* Prong, Plaintiff agreed to withdraw most of RFP's Nos. 1-3 and 5, having to do with TP-Link's quantum of New York business contacts.

Evidently TP-Link has now changed its mind and has decided to pursue a "due process" argument, including the following in its Motion to Dismiss, as indicated in its table of contents: "Exercising Personal Jurisdiction Would Violate Due Process." The Constitutional argument begins:

> While the Court does not have personal jurisdiction over TP-Link under New York's long arm statute, exercising jurisdiction over TP-Link would also violate the Due Process Clause.

TP-Link thus narrowly limited Plaintiff's discovery to its New York contacts directly at suit, while now arguing from a broader concept of forum-state contacts and their purported absence.

Plaintiff firmly believes that TP-Link ought not be permitted to pursue a due process argument because Plaintiff changed its position in

2

reliance upon record representations to the contrary; and limited jurisdictional discovery is long closed. At the same time, without a resolution of the issue, Plaintiff will be required to brief the matter out of an abundance of caution, without ordered discovery, and utilizing time and page space better allocated elsewhere. Prejudice is certain to occur absent prompt relief.

TP-Link refuses to remove its due process arguments, citing five (5) cases, none of which cite *Licci*, responding:

> The only issue in dispute is the second *Licci* prong: whether there is a substantial relationship or articulable nexus to TP-Link's in-state activities and Plaintiff's defamation and tortious interference claims. **TP-Link's constitutional argument relates to the second *Licci* prong.**

Accordingly, we request a telephonic conference with the Court in an effort to resolve this issue consensually or, if necessary, via Court order granting or denying a request, hereby respectfully made, that the objectionable elements of TP-Link's Motion to Dismiss be stricken. Judge Levy is very familiar with the subject matter hereof and, as we said, recorded the November 30, 2018 Rule 37 proceeding.

With utmost appreciation, we seek the Court's earliest convenient consideration of this matter.

Respectfully submitted,

/s/ Mark Schlachet

cc: The Honorable Robert M. Levy
    United States District Court Magistrate-Judge

    Counsel to TP-Link USA Corp.

3