

LTL ATTORNEYS LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071
TEL: 213-612-8900  |  FAX: 213-612-3773
WWW.LTLATTORNEYS.COM

LOS ANGELES  |  SAN FRANCISCO  |  ORANGE COUNTY

**VIA ECF**

January 22, 2019

The Honorable Robert M. Levy, United States Magistrate Judge, E.D.N.Y.

Re:   *Careful Shopper, LLC v. TP-Link USA Corp., et al.*, Case No. 1:18-cv-03019-RJD-RML

Dear Magistrate Judge Levy:

We represent defendant TP-Link USA Corporation, which also does business as co-defendant TP-Link North America, Inc. (collectively, "TP-Link"), in the above-referenced action. We write in response to Plaintiff's January 16, 2019 letter in which Plaintiff contends it was short-changed in relation to Judge Dearie's order of "modest jurisdictional discovery" in conjunction with TP-Link's motion to dismiss based on lack of personal jurisdiction. *See* ECF No. 26. Specifically, Plaintiff *incorrectly* asserts that TP-Link agreed to forgo any constitutionality challenges to the exercise of specific personal jurisdiction under CPLR § 302(a)(1), such that Plaintiff was "duped" into "unfairly" limiting its broad discovery requests. *Id*.

As discussed below, the Court already addressed this issue during a November 30, 2018 hearing. TP-Link respectfully requests that the Court again deny Plaintiff's repeated request for this same overbroad discovery.

**Background of the Discovery Dispute under CPLR § 302(a)(1)**
In November 2018, the parties filed 3-page letter briefs related to Plaintiff's same overbroad discovery requests presently at-issue. *See* ECF No. 22 (Plaintiff's November 11, 2018 letter); ECF No. 23 (TP-Link's November 15, 2018 letter). As detailed in TP-Link's November 15, 2018, 3-page letter brief, the parties agree that the only issue in dispute is whether the second prong of CPLR § 302(a)(1) confers specific personal jurisdiction over TP-Link. *See* ECF No. 23.

Under CPLR § 302(a)(1), a defendant is subject to specific jurisdiction for torts committed out-of-state: (1) if the defendant "transacts any business" in the state; and (2) there is an "articulable nexus" or "substantial relationship" between the defendant's in-state activity and the claim asserted. *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 334, 339-40 (N.Y. 2012) (citations omitted). TP-Link does not dispute the first prong *Licci* prong, which is akin to general personal jurisdiction.

As also explained in TP-Link's November 15, 2018, 3-page letter brief, the only issue in dispute is the second *Licci* prong: whether there is a substantial relationship or articulable nexus to TP-Link's in-state activities and Plaintiff's *defamation and tortious interference claims*. *See* ECF No. 23. As the Court is aware, this necessarily involves a more limited scope of examining TP-Link's in-state activity. It is undisputed that there were *no* communications or products exchanged *directly* between TP-Link and Plaintiff. ECF No. 6 (Amended Complaint) ¶¶ 22-26. There is also no

dispute the allegedly defamatory emails giving rise to the asserted claims for libel *per se* were *never* published in New York, directed at New York, or transmitted through New York. ECF No. 6, ¶¶ 27, 32, 35, 36. A California-based third party sent the at-issue emails to Amazon in Washington. ECF No. 23 at 2. Importantly, TP-Link never stated that it would forgo a constitutionality challenge as it relates to the second *Licci* prong. *Id*.

**November 30, 2018 Discovery Hearing and TP-Link's Compliance with the Court's Order**
In response to the parties' November 2018, 3-page letter briefs, the Court held a November 30, 2018 hearing during which the Court established that a discovery inquiry concerning specific personal jurisdiction is much more limited in scope under the second *Licci* prong, while an inquiry under the first *Licci* prong is basically akin to general personal jurisdiction. As detailed in TP-Link's November 15, 2018 letter, Plaintiff's discovery requests sought categories of documents that are only applicable to the first *Licci* prong—whether TP-Link does business in New York. For example, Plaintiff requests demanded "[a]ny and all documents": (a) "referencing any [New York] financial transactions"; (b) "referencing any and all [New York] business transactions"; and (c) related to New York supply contracts (Nos. 9–11). *See* ECF No 23, Ex. A.

During the November 30 hearing, Plaintiff raised the constitutionality arguments (the same it now raises in its January 16, 3-page letter). Even so, the Court limited the scope of Plaintiff's broad discovery requests, ordered the parties to meet and confer regarding remaining issues, and then to initiate a second court call on the same day. The parties met and conferred and exchanged emails attached hereto as **Exhibit 1**. In these emails, Plaintiff's counsel stated:

> For the record, we have agreed that TP-Link will provide the documents requested by RFP's 2,5 and 6, limited however to the Model Nos. of TP-Link products purchased by Careful Shopper between 1/1/17 and 3/31/18, a list of which Model Nos. I will provide you. We do not agree as to RFP No.11, which we will discuss with Judge Levy in 4 minutes or so.

> Also, just to be on record, TP-Link stated in our earlier discussion with Judge Levy that Prong No. 2 of CPLR 302(a)(1) was the sole issue for decision, as TP-Link was not contesting the Constitutionality of the statute's applicability, e.g. based on doing business in New York, o a [*sic*] regular flow of goods or other quantitative measure.

*Id*. TP-Link never agreed it forgo a constitutionality challenge as it relates to the second *Licci* prong; instead, consistent with this understanding TP-Link's counsel responded, "TP-Link does not contest **prong 1** of CPLR 302(a)(1)." *Id*. (emphasis added). The parties then initiated a second court call during which, based on Plaintiff's understanding that TP-Link did not forgo a constitutionality challenge as it relates to the second *Licci* prong, the parties agreed to the scope of the discovery ordered by the Court. Specifically, the Court ordered TP-Link to produce documents commensurate with the scope of an analysis under the second *Licci* prong: RFP No. 2 (documents related to all sales by the New York sales manager of TP-Link); RFP No. 5 (documents evidencing all sales of TP-Link in New York to third-party distributors; and RFP No. 6 (all documents evidencing all sales by TP-Link to B&H Photo) in response to a list of purchased products provided by Plaintiff for a specific time period, as well as TP-Link's contracts with Fry's Electronics, B&H Photo and Amazon. *See* November 30, 2018 Minute Order. In other words, the Court ordered TP-

Link to produce all documents that could arguably support Plaintiff's argument under the second *Licci* prong.

Plaintiff sent a list of products to TP-Link; however, after *extensive* hours due to Plaintiff's failure to provide proof of purchase for model numbers and/or accurate model numbers, the parties finally agreed on a final list. On December 27, 2018, TP-Link produced over 300 pages of invoices and contracts in compliance with this Court's order. The invoices show that TP-Link shipped products to third-parties in New York such as B&H Photo, Target, Best Buy, Brooklyn Supply, Inc., ASI Computer Technologies, Inc., and Honeywell International. In other words, Plaintiff has all of TP-Link contacts from which the allegedly defamatory statements giving rise to its asserted claims for libel *per se* and tortious interference with business relationships could arguably relate (which of course TP-Link disputes).

**TP-Link's Motion to Dismiss for Lack of Personal Jurisdiction**
On January 11, 2019, TP-Link served its motion to dismiss for lack of personal jurisdiction on Plaintiff's counsel. TP-Link's motion to dismiss is attached hereto as **Exhibit 2**. TP-Link's motion sets forth the bases why the Court lacks specific personal jurisdiction over TP-Link in New York under CPLR § 302(a)(1). *See* Exhibit 2 at 7-13. First, there is no substantial relationship/articulable nexus under the second *Licci* prong and therefore New York's long-arm statute is inapplicable. *Id*. at 7-11.

Second, TP-Link's constitutional argument relates to the second *Licci* prong such that because of the lack of substantial relationship/articulable nexus, the exercise of specific jurisdiction would violate the Due Process clause. *Id*. at 11-13. TP-Link's constitutional analysis relies upon the *same* set of facts and arguments as that under the second *Licci* prong—the parties had no direct contact in New York; TP-Link's never purchased any products directly from Plaintiff in New York; and TP-Link never purposefully directed sales to Plaintiff. *Id*. at 12-13. Plaintiff does *not* and *has never* disputed any of these facts.

**Plaintiff's January 19, 2019 Letter Requesting the Same Overbroad Discovery Should Again be Denied by the Court**
TP-Link has produced all documents that could, for the sake of argument, possibly relate to an analysis under CPLR § 302(a)(1) and constitutionality. The parties email exchange demonstrates that TP-Link did not agree it would forgo a constitutionality challenge as it relates to the second *Licci* prong. *See* Exhibit 1. Plaintiff withdrew discovery requests related to that akin to general personal jurisdiction and both parties agreed during the hearing to scope of discovery ordered by the Court. *See* November 30, 2018 Minute Entry.

Plaintiff's January 19, 2019 letter states that "TP-Link thus narrowly limited Plaintiff's discovery to its New York contacts directly at suit, while now arguing from a broader concept of forum-state contacts and their purported absence." ECF No. 26 at 2. This is not accurate and Plaintiff's cites just the heading in the table of contents and ignores the actual contents of TP-Link's motion. TP-Link's constitutionality challenge set forth in its motion to dismiss is limited to the same set of facts and arguments as that under an analysis of the second *Licci* prong. *See* Exhibit 2 at 11-13.

Plaintiff has the jurisdictional discovery it needs to oppose TP-Link's motion to dismiss and should not get a second bite at the apple for issues already addressed by the Court in order to needlessly harass TP-Link. TP-Link respectfully requests that the Court deny Plaintiff's repeated requests.



PAGE 4 OF 4

Respectfully submitted,

  /s/ Heather F. Auyang
Heather F. Auyang
LTL Attorneys LLP
*Attorney for Defendants*