# Mark Schlachet, Esq.

**3515 Severn Road**
**Cleveland, Ohio 44118**
**Tel:216-225-7559**
**FAX:216-932-5390**
**Email:markschlachet@me.com**

Admitted: OH, NY

February 3, 2019

The Honorable Robert M. Levy
United States District Court Magistrate-Judge
Eastern District of New York

> Re: *Careful Shopper, LLC v. TP-Link USA Corp., et al.*, Case No. 1:18-cv-03019-RJD-RML . . . Motion for Excess Pages vis-a-vis Memorandum in Opposition to TP-Link's Motion to Dismiss

Dear Judge Levy:

Undersigned is one of the attorneys for Plaintiff Careful Shopper LLC.  This letter is submitted pursuant to Your Honor's Individual Practice 2.A. and Local Civil Rule 7.1(d).  Plaintiff seeks two (2) extra pages in connection with its Memorandum in Opposition to Defendants' Motion to Dismiss, thus permitting a document of 27 pages.  Our brief is due February 11, 2019 and is limited to 25 pages under Judge Dearie's Individual Practice III.C.

As Your Honor is aware, TP-Link raised a Constitutional issue in its Motion to Dismiss after, in our view, disclaiming any possibility of arguing any issue aside from those arising under state law, to wit: CPLR § 302(a)(1).  We have moved to strike that Constitutional argument because we withdrew discovery requests targeting Constitutional issues, solely upon TP-Link's representations that such discovery was overbroad in light of its full-throated disclaimers that its Motion to Dismiss would venture beyond the Second Prong of *Licci v. Lebanese Can. Bank, SAL,* 20 N.Y.3d 327, 960 N.Y.S.2d 695, 984 N.E.2d 893 (2012).  The Court will hear our Motion to Strike, telephonically, on February 14, 2019.[1]

---

[1] In its response to Plaintiff's Motion to Strike (Dkt. No. 28), TP-Link has mischaracterized Plaintiff's requested relief as a "request for this same overbroad discovery."  To be clear: Plaintiff seeks an order striking TP-Link's constitutional argument.  Plaintiff does not seek to re-open jurisdictional discovery and unduly delay this case.  This motion practice began on August 3, 2018 (Dkt. No. 15).

Plaintiff has a 25-page brief that covers all issues aside from TP-Link's unanticipated Constitutional issue; and we have now addressed TP-Link's Constitutional issue with an additional two (2) pages of briefing (without prejudice to our Motion to Strike). The state-law issues are in our view deep and dynamic. We have scoured our brief for opportunities to further reduce page length. In our view any further reduction would deprive Plaintiff of an adequate opportunity to pull together the many factors that go into deciding personal jurisdiction. At the same time and for obvious reasons, we must brief the Constitutional issue while simultaneously seeking its excision.

We have explained to TP-Link that we seek only two (2) excess pages and that those two (2) pages are devoted to the Constitutional issue aforesaid.[2] TP-Link has not consented to the two-page enlargement and has asked that we quote its position to the Court:

> TP-Link's opening brief was just 17 pages. *See* ECF No. 28-2 (TP-Link's motion to dismiss). Its motion to dismiss raises straightforward issues and the Court's standing order—absent extraordinary circumstances—ought to be respected by parties and counsel. TP-Link does not know the specifics of Plaintiff's planned arguments and thus takes no formal position on any requested enlargement of the page limit.

That TP-Link's memorandum was "just 17 pages" is no barometer of what Plaintiff reasonably requires to sustain its burden of demonstrating this Court's personal jurisdiction.[3] *Mirman v. Feiner*, 900 F. Supp. 2d 305, 313 (E.D.N.Y. 2012) (" Mirman ultimately carries the burden to demonstrate that through these acts, and under the totality of the circumstances, Feiner transacted business in New York within the purview of § 302(a)(1)"). Further, there is no authority for requiring "extraordinary" circumstances as a condition of waiving page limits; rather, the Court has the inherent authority to do so in its discretion. *Nat'l Grid Corp. Servs., LLC v. Brand Energy Servs., LLC*, No. 2:13-cv-1275 (DRH)(ARL), 2017 U.S. Dist. LEXIS 47875, at *27 n.7 (E.D.N.Y. 2017). The District Court used the word "extraordinary" on a number of occasions in the Local Civil Rules, but not in connection with requests for excess pages or other routine indulgences. See Local Civil Rules 1.5.(e), 3. Part I (b)(ii), and 7. On the other hand, this Court has formally recognized that counsel have a professional responsibility to exercise good judgment in the matter of page length and should be afforded some latitude in connection therewith. Individual Practice C.iii.

---

[2] Email: M. Schlachet to H. Auyang, January 30, 2019 ("We will be briefing the due process issue even as we seek to have it struck. So, I think our logic is: will TP-Link agree to 2-3 additional pages, bringing the total to 27-28 pages inclusive of the due process argument, provided that the brief without the due process argument will not exceed 25 pages.")

[3] In violation of Judge Dearie's Individual Practice III.D.1 ("**No motion papers shall be filed until the motion has been fully briefed.**")(bold in original), TP-Link has filed its 17-page Memorandum as Dkt. No. 28-2. We are prepared to file or otherwise provide our draft brief immediately upon the Court's request.

If the Court does not rule prior to February 11th on this matter, we will submit the 27-page brief to TP-Link on February 11th and thereafter seek the Court's ruling and guidance on February 14th or thereafter.  Should we prevail on February 14th, the parties can excise their Constitutional arguments prior to submission to Judge Dearie on February 27th.  If we do not prevail on February 14th, we will seek leave to reduce page length, leaving only 25 pages for filing on February 27th.

We hasten to advise that this letter is written with some hesitation. We truly regret placing before the Court another contested matter—much less a 2-page enlargement request--for ruling.


Respectfully yours,


/s/Mark Schlachet


cc: All Counsel via ECF