Mark Schlachet, Esq.
3515 Severn Road
Cleveland, Ohio 44118
Tel:216-225-7559
FAX:216-932-5390
Email:markschlachet@me.com

Admitted: OH, NY

October 3, 2019

VIA ECF
Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Careful Shopper, LLC v. TP-Link USA Corp., et al.*,
            Docket No. 1:18-cv-03019-RJD-RML

Dear Judge Dearie:

    This office is one of the counsel for Plaintiff, Careful Shopper, LLC. We write today to request that Your Honor reopen the captioned case and transfer venue thereof to the docket of the Honorable Josephine L. Staton, United States District Judge for the Central District of California.

    On May 22, 2018, Careful Shopper, LLC ("Careful Shopper") filed this captioned action against TP-Link USA Corporation ("TP-Link") in this Eastern District of New York. TP-Link filed a motion to dismiss the EDNY action for lack of personal and subject matter jurisdiction ("TP-Link's Motion to Dismiss").

On January 15, 2019, TP-Link filed a separate action against Careful Shopper, Adam Starke and Sora Starke (collectively, "Careful Shopper Defendants") in the Central District of California ("California Action"). *TP Link USA Corporation v. Careful Shopper LLC et al*, Case No. 8:19-

cv-00082-JLS-KES (CDCA).  On April 3, 2019, Careful Shopper Defendants filed a Motion to Dismiss, or in the Alternative, Transfer or Stay, the California action in favor of the EDNY ("Careful Shopper Defendants' Motion").  ECF No. 21.  The gravamen of Careful Shopper Defendants' Motion was that TP-Link's claims in that matter were the flip-side of its defenses in this EDNY action, and that such claims should have been lodged in the EDNY as compulsory counterclaims.  On May 3, 2019, TP-Link filed its Opposition to said Motion. ECF No. 24. On May 10, 2019, the Careful Shopper Defendants filed their Reply brief. ECF No. 25.

On June 19, 2019, the California District Court, Hon. Josephine L. Staton, issued an Order staying the California action pending the EDNY's disposition of TP-Link's Motion to Dismiss. ECF No. 30. The Court noted that the "decision of whether to transfer this case to the Eastern District of New York may be mooted by the New York Court's determination of TP Link's personal jurisdiction motion." *Id*.

This Honorable Court partially granted TP-Link's Motion to Dismiss for want of personal jurisdiction on September 30, 2019; the case was closed on September 30, 2019; and final judgment was entered on October 2, 2019.  On October 1, 2019 Plaintiff requested TP-Link's stipulation to transfer venue of this matter to Judge Staton's docket in the Central District of California, where the California Action is pending.  In that way both actions could be efficiently administered and adjudicated by Judge Staton, with minimal additional time and expense built into a new filing by Careful Shopper.  On October 2, 2019 TP-Link declined to stipulate.  This motion follows.

Plaintiff's instant motion raises two issues, namely, (1) whether having closed this case on October 2, 2019, this Court can now reopen the case to consider a transfer of venue, and (2) whether having found itself without personal jurisdiction the Court, nevertheless, has jurisdiction to transfer venue.  All other venue-related considerations would seem to be non-controversial because TP-Link itself selected the Central District of California to file its related action.

The essential operative facts now before this Court were before Judge Kimba Wood in *Moscato v. MDM Group, Inc.*, 2008 U.S. Dist. LEXIS 58030 (SDNY 2008), where Judge Wood (1) dismissed for want of personal jurisdiction, (2) closed the case, and (3) recognized the desirability of a venue transfer.  Case closure notwithstanding, Judge Wood *sua sponte* afforded the parties an opportunity to transfer venue rather than commence a new suit:

> For the reasons stated above, the Court GRANTS MDM's motion to dismiss for lack of personal jurisdiction. The Clerk of the Court is directed to close this case. Any pending motions are moot. No later than August 10, 2008, either party may reopen this case by filing a motion to transfer venue in lieu of dismissal.

Similarly, other courts in this Circuit recognize that case closure is no bar to post-judgment relief where appropriate; and the Court has the inherent jurisdiction to reopen.  *See Iron Workers Dist. Council of W NY. & Vicinity Pension Fund*, 2013 U.S. Dist. LEXIS 34979, 2013 WL 1004215, at *2 ( granting the plaintiffs' motion to compel seeking post-judgment discovery after the case was closed) *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, No. 90 CIV. 2370(JFK)(FM), 2001 U.S. Dist. LEXIS 12681, 2001 WL 958975, at *3 (S.D.N.Y. Aug. 22,

2001) ("[B]ecause the Court had entered a final judgment with respect to all of the parties' claims, [the plaintiff] was entitled to obtain discovery in aid of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure."

Assuming the case to be reopened, the Court then must consider whether in the interests of justice a change of venue is appropriate. Courts in this District have repeatedly answered in the affirmative notwithstanding the absence of personal jurisdiction. See *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978) (a court may transfer a case in the interests of justice even if it lacks personal jurisdiction over a party and venue is improper in the transferor forum); *Morales v. Schofield*, 174 F.R.D. 253, 258 (E.D.N.Y. 1997) (same); see also *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 916 (E.D.N.Y. 1994) (citing *Starnes v. McGuire*, 512 F.2d 918, 933-34, 168 U.S. App. D.C. 4 (D.C. Cir. 1974) (en banc)); *see also Morales v. Schofield*, 174 F.R.D. 253, 258 (E.D.N.Y. 1997) (same). All of the cases in this genre recognize this Court's "considerable discretion" in deciding whether justice and judicial economy dictate a transfer. *Kreinberg v. Dow Chemical Co.*, 496 F. Supp 2d 329, 330 (S.D.N.Y. 2007). Again, even a court that lacks personal jurisdiction maintains the authority to transfer a case to a more appropriate venue. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) ("The language of 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not").

It thus seems clear that the Central District of California is the proper venue for this case. TP-Link selected it for related litigation and Plaintiff seeks to efficiently and economically litigate this case before a single tribunal that will entertain TP-Link's related case, conduct discovery therein and issue rulings affecting both matters. Since this Court does not have jurisdiction and Judge Staton does, there is no court aside from Central California that should hear this case. To require Plaintiff to refile in California is to impose additional costs, service requirements and delay. The change of venue requested hereby will promote the just, speedy and inexpensive adjudication of Plaintiff's case and work no prejudice to TP-Link.

For the above reasons, we request that the Court enter an order transferring venue of this matter to docket of Judge Josephine L. Stanton of the Central District of California.

                        Respectfully submitted,

                        /s/ Mark Schlachet

cc: All Counsel (ECF)