

LTL ATTORNEYS LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071
TEL: 213-612-8900 | FAX: 213-612-3773
WWW.LTLATTORNEYS.COM

LOS ANGELES | SAN FRANCISCO | ORANGE COUNTY

**VIA ECF**

October 14, 2019

The Honorable Raymond J. Dearie, United States District Court Judge, E.D.N.Y.

Re: *Careful Shopper, LLC v. TP-Link USA Corp., et al.*, Case No. 1:18-cv-03019-RJD-RML

Dear Judge Dearie:

We represent TP-Link USA Corporation ("TP-Link") in the above-referenced action. We write in response to Careful Shopper, LLC's ("Careful Shopper") October 3, 2019 letter (ECF No. 42), which seeks to reopen the case and transfer venue to the Central District of California.

**Careful Shopper Never Sought to Transfer and the Court Should Deny Such Request**

On May 22, 2018, Careful Shopper initiated this action. On January 11, 2019, TP-Link served its motion to dismiss this action for lack of personal and subject matter jurisdiction ("TP-Link's Motion to Dismiss"). On January 15, 2019, TP-Link filed a trademark action against Careful Shopper in the Central District of California ("CDCA case"), which is pending before Judge Josephine Staton.

In its February 10, 2019 opposition to TP-Link's Motion to Dismiss in this action, which was served *after* the CDCA case was filed, Careful Shopper *did not* request transfer of the case to the Central District of California as an alternative to dismissal. Instead, Careful Shopper filed a motion to dismiss in the CDCA case, which is attached as **Exhibit 1**.

As Careful Shopper observes, on June 19, 2019, Judge Staton stayed the CDCA case pending resolution of TP-Link's Motion to Dismiss. That order is attached as **Exhibit 2**. On September 30, 2019, three events occurred in this action: (1) this Court granted TP-Link's Motion to Dismiss finding that the Court lacked personal jurisdiction (ECF No. 40); (2) judgment was entered (ECF No. 41); and (3) the case was closed. On October 3, 2019, the parties filed a joint notice of this Court's decision in the CDCA case, attached as **Exhibit 3**. TP-Link expects Judge Staton to reopen the CDCA case shortly.

In the over 16 months that this case was pending, Careful Shopper never sought to transfer venue. And although aware of the CDCA case before Careful Shopper served its opposition to TP-Link's Motion to Dismiss, it did not seek to transfer this case as an alternative to dismissal. *Haskel v. FPR Registry, Inc.*, cited in Careful Shopper's Ltr. at 3, illustrates this point—there the plaintiff opposed the motion to dismiss or, in the alternative, asked that defendant's motion be considered as a motion to transfer venue rather than as a motion to dismiss. 862 F. Supp. 909, 911 (E.D.N.Y. 1994). Here, the Court should not reward Careful Shopper for its delinquent and procedurally improper request to transfer. The case is now dismissed and closed and should remain so.



**The Court Should Deny Transfer Because It is Not in the Interest of Justice**

Careful Shopper's letter fails to cite any applicable venue statute; regardless, none apply. A court may transfer a case whether under 28 U.S.C. § 1404 (change of venue), 28 U.S.C. § 1406 (cure or waiver of defects) or 28 U.S.C. § 1631 (transfer to cure want of jurisdiction) only "if it is in the interest of justice." This is not the case here.

Careful Shopper relies on *Moscato v. MDM Group, Inc.*, No. 05-cv-10313-KMW, 2008 WL 2971674 (S.D.N.Y. July 31, 2008), as analogous because the court "*sua sponte* afforded the parties an opportunity to transfer venue rather than commence a new suit." Careful Shopper Ltr. at 2. Such reliance is misplaced. The plaintiff in *Moscato* never responded to the defendant's motion to dismiss for lack of personal jurisdiction. *Id*. at *1, n.1. Here, Careful Shopper filed an opposition to TP-Link's Motion to Dismiss and did not seek in the alternative to transfer this case to the Central District of California. Careful Shopper cannot now make some after the fact "motion" in a letter.

Moreover, the *Moscato* court noted that "pursuant to 28 U.S.C § 1631, the Court must transfer this action to a venue that would have personal jurisdiction over [defendant], rather than dismiss it, if doing so would be 'in the interest of justice.'" *Id*. at *5. The court permitted reopening the case if either party wished to brief whether transfer would be in the interest of justice. *Id*. The *Moscato* court thus afforded the **absent** plaintiff an opportunity to raise issues that the plaintiff may suffer by dismissal. This is not the case here—again, Careful Shopper has never contended it would suffer any prejudice by dismissal and could have sought transfer as an alternative to dismissal or at any time prior to case closure.

Careful Shopper's cited cases explain when it would be in the interest of justice to transfer—if dismissal would result in the plaintiff's loss of rights. Careful Shopper Ltr. at 3. The paradigmatic example, as the Supreme Court explained in *Goldlawr, Inc. v. Heiman*, is to avoid a forfeiture of a plaintiff's rights due to the expiration of applicable statute of limitations. 369 U.S. 463, 466-67 (1962). Likewise, *Moscato* relies on *Paul v. INS*, 348 F.3d 43 (2d Cir. 2003), which addressed a similar issue. *Moscato*, 2008 WL 2971674, at *5. Specifically the court in *Paul* found transfer pursuant to 28 U.S.C. § 1631 warranted because to dismiss, without transfer, would time bar the plaintiff from seeking petition for review concerning deportation. *Paul*, 348 F.3d at 47; *see also Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80 (2nd Cir. 1978) (finding that refusal to transfer "would severely prejudice" the plaintiff because of the statute of limitations).

Careful Shopper has identified no comparable prejudice—only providing generalized reasons why transfer is warranted in the interest of justice: "To require [Careful Shopper] to refile in California is to impose additional costs, service requirements and delay." This is not accurate. Careful Shopper contends that TP-Link's claims in the CDCA case are compulsory counterclaims in this case—"[t]he gravamen of [Careful Shopper's CDCA Motion to Dismiss] was that TP-Link's claims in that matter were the flip-side of its defenses in this EDNY action, and that such claims should have been lodged in the EDNY as compulsory counterclaims." Careful Shopper's Ltr. at 2. Based on Careful Shopper's logic, if it wants to continue pursuing claims asserted here, it may file counterclaims in the CDCA case. Doing so would not require a new action, impose additional costs, or cause delay. The CDCA case is at the beginning stages—Careful Shopper has *not* filed



an answer to the complaint and its motion to dismiss remains pending. Further, the court has not issued a scheduling order and no discovery has occurred. Thus, any perceived prejudice or delay is simply manufactured.

Finally, Careful Shopper contends that "[t]he change of venue requested hereby will promote the just, speedy and inexpensive adjudication of Plaintiff's case . . . ." To the contrary, transferring this case will create judicial inefficiency given that this Court has to re-open this action, consider whether the interests of justice warrant transfer, and then order transfer. CDCA then has to docket a new action, determine whether the cases should be related or consolidated, and make further orders. Careful Shopper may instead—if it so chooses—file counterclaims in the CDCA case.

**Plaintiff's Belated Request to Transfer Venue Must be Denied**

In light of the foregoing, TP-Link respectfully requests that the Court deny Careful Shopper's request to reopen and transfer this case to the Central District of California. Careful Shopper will not be prejudiced by the orderly proceeding in the CDCA case, which is at its beginning stages.

Respectfully submitted,

 */s/ Heather F. Auyang*
Heather F. Auyang
LTL Attorneys LLP
*Attorney for TP-Link USA Corporation*


cc (via ECF): Mark Schlachet
               3515 Severn Rd.
               Cleveland, Ohio 44118
               Telephone: (216) 225-7559
               Email: markschlachet@me.com

               *Attorney for Careful Shopper, LLC*